IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESLEY DAVIS,

    Petitioner,

v.                                                    CIV 06-1069 MV/KBM

TIMOTHY HATCH, Warden, et al.,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    This matter is before the Court on Wesley Davis' petition for a writ of habeas corpus under 28 U.S.C. § 2254, and Respondents Answer, where they assert the petition is untimely, procedurally-defaulted, and without merit.  *See Docs. 1, 8.*  Because Davis filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Michael Williams v. Taylor,* 529 U.S. 420, 429 (2000); *Lindh v. Murphy,* 521 U.S. 320, 326-327 (1997).  All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary.  *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a),  Rules Governing Section 2254 Cases in the United States District Courts.

    In December 2004, Davis had at least three criminal cases pending and was a habitual offender due to prior felony convictions in 1997.  *See Doc. 8,* Exh. C.[1]  Case number "CR-2004-

---

[1] Unless otherwise noted, all citations to Exhibits are those attached to Respondents' Answer. *See Doc. 8.*

244-JLS" charged him with forgery. *See Exh. B.* Case number "CR-2004-450-JWF" charged him with burglary and larceny. *See Exh. F.* Case number "CR-2004-451-JWF" charged him with forgery and larceny. *See Exh. K.*

Defendant pleaded guilty in each case and each plea agreement explicitly required that the sentences in the three cases run concurrently. *See Exhs. B, F, K.* However, the pleas and sentences did not take place at the same time. Judge Shuler handled the "244" case, taking the plea in December 2004 and entering the judgment in January 2005. Neither this judgment nor the subsequent amendment mention that it runs concurrently to the other cases. *See Exhs.* A, B, D. Judge Forbes handled the other two cases, taking the pleas in January 2005 and entering judgment in March 2005. *See Exhs. E, F, J, K.* These judgments contain the language of the plea stipulation that "Defendant's sentence imposed herein shall be served concurrently with Defendant's sentences imposed in Eddy County Cause Numbers CR-2004-244-JLS and CR-2004-451-JWF," *Exh. E.* and "Defendant's sentence imposed herein shall be served concurrently with Defendant's sentences imposed in Eddy County Cause Numbers CR-2004-244-JLS and CR-2004-450-JWF," *Exh. J.*

The amended judgment in "244" was entered March 22, 2005, and the judgments in the other two cases were entered March 28, 2005. *See Exhs. A, D, E, J.* Davis did not any appeal or seek other relief from any of the sentences. On July 10, 2006, more than a year after the last sentence was entered, Davis filed a petition for habeas corpus in the state court in criminal number "450." He was seeking relief because the sentence in "244" did not expressly state that it is to run concurrent to the other two sentences. *See Exh. G.* The district court summarily denied the state petition, and his subsequent petition for certiorari to the New Mexico Supreme Court

was denied as untimely on October 2, 2006.  *See Exhs. H, I.*

Respondents are correct that the federal petition is untimely.  Because Davis did not appeal, his sentences became final at the end of April 2005.  The one-year federal statute of limitations expired in April 2006, before he instituted state habeas proceedings.[2]  Respondents are also correct that failure to timely file for certiorari with the New Mexico Supreme Court constitutes a procedural default for which Davis must show cause and prejudice.[3]

However, I need not discuss whether equitable tolling is available or whether Davis has established cause for the procedural default because he cannot show the required prejudice.[4]  The "244" sentence was imposed first, so technically it could not cite any other sentence to run concurrently with it.  Regardless of how the Court or Defendant reads the subsequent judgments

---

[2]  *E.g., Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Mendoza v. Howard,* 194 Fed. Appx. 531, 532-33 (10th Cir. 2006) ( "Mendoza first sought postconviction relief on July 15, 2005, after the expiration of the limitations period.  Therefore, statutory tolling is unavailable to him for this filing.").

[3]  *See e.g., Cole v. New Mexico*, 58 Fed. Appx. 825, 828-30 (10th Cir. 2003).

[4]  *See Snow v. Sirmons,* ___ F.3d ___, 2007 WL 80022 (10th Cir. 2007) ("We can avoid deciding procedural bar questions where claims can readily be dismissed on the merits."); *Spears v. Mullin,* 343 F.3d 1215, 1256 (10th Cir. 2003) (state asserted claim was procedurally defaulted but "[f]or efficiency, we address the merits"), *cert. denied,* 531 U.S. 982 (2004); *Romero v. Furlong,* 215 F.3d 1107, 1111 (10th Cir.) ("case presents a number of complex issues concerning the applicability of [the] procedural bar to these claims.  We need not and do not address these issues, however, because the case may be more easily and succinctly affirmed on the merits."), *cert. denied,* 531 U.S. 982 (2000); *but see  Coleman v. Thompson,* 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate . . . that failure to consider the claims will result in a fundamental miscarriage of justice."); *Harris v. Reed,* 489 U.S. 255, 262 (1989) ("a federal claimant's procedural default precludes federal habeas review"); *Hammon v. Ward,* 466 F.3d 919, 924 (10th Cir. 2006) ("Under AEDPA, we generally may not consider "issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."  *Smallwood,* 191 F.3d at 1268 (quotations omitted)."); *Watters v. Ray,* 175 Fed. Appx. 212, 215 n.1 (10th Cir. 2006) (affirming on procedural default grounds without reaching merits but noting did not disagree with district court's treatment of the merits).

in "450" and "451," Respondents agree that all three sentences run concurrently. *See Doc. 8* at ¶ 6. Moreover, Respondents provided a "good time figuring sheet" for "CR-2004-244" that contains the notation:

> I called the Eddy County DA's office and received the J&S for CR # 2004-451 JWF which will be running CC with the two sentences. With all three sentences running together his projected out date is April 30, 2007.

*Exh. L.* The other "good time figuring" sheets for "450" and "451" do not contain the same notation, but Respondents do not take issue with the fact that Davis' projected release date for all of the crimes presently stands at April 30, 2007.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2254 petition be dismissed with prejudice as without merit.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE